UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM BURKETT<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MAGGIE MILLER-STOUT,<br><br>　　　　　Respondent. | Case No.  C05-5612FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 18th, 2005** |

　　　This action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

　　　The case was originally filed as a Civil Rights action but plaintiff seeks relief from a criminal conviction and is clearly seeking relief only available in Habeas Corpus.  (Dkt. # 5 and 6).  The Court declined to serve the case as a civil rights complaint, construed the action as a habeas petition, and directed petitioner to show cause as it did not appear the petitioner had exhausted any state remedies.  (Dkt. # 8).

　　　In reply petitioner has withdrawn his pending motions for relief from judgment and indicates that under the amendments made by the Antiterrorism and Effective Death Penalty Act, AEDPA he

REPORT AND RECOMMENDATION
Page - 1

is time barred from filing a habeas petition under 28 U.S.C. § 2254.  Accordingly, the court now recommends this action be **DISMISSED WITH PREJUDICE** as time barred.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  <u>Engle v. Isaac</u>, 456 U.S. 107 (1983).  Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law.  <u>Lewis v. Jeffers</u>, 497 U.S. 764 (1990); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## DISCUSSION

<u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action

in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner admits his petition is time barred. (Dkt. # 9).

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 18th, 2005**, as noted in the caption.

Dated this 31st day of October, 2005.

                              */S/ J. Kelley Arnold*
                              J. Kelley Arnold
                              United States Magistrate Judge